## Holliday v. Klimoski

*Daniel M. Berger,* for plaintiffs.
*Bruce R. Martin,* for defendant Joseph A. Klimoski.

*Frank A. Conte* and *Thomas L. Anderson,* for defendant Brownsville General Hospital.

DiSALLE, *J.*, July 12, 1976—Plaintiffs have filed a motion for the production of certain records of defendant-Brownsville General Hospital, and defendant-hospital has asked for a protective order. In its motion for protective order, the hospital asserts that any records relating to Dr. Klimoski after plaintiff left the hospital (December 31, 1969) are irrelevant; that the Kardex cards are confidential and privileged; that the request for the death register for the years prior to 1969 would provide information which is irrelevant; that the periods of time involved are "too great to determine the relevancy of the request"; and that much of the information requested has already been furnished to plaintiffs by defendant-hospital.

In their complaint and the amendments thereto, plaintiffs allege that the hospital was negligent in permitting Dr. Klimoski to perform abdominal surgery when he did not have the training, skill and expertise to do so, and in failing to require him to have properly trained assistants. In Petrusky v. Charleroi-Monessen Hospital, et al., September term, 1970, no. 367 plaintiffs sought discovery of all internal hospital records dealing with the review of their case by the medical staff and various committees of the hospital. The hospital sought a protective order on the grounds that it could be injurious to the cause of peer review and, therefore, against the best interests of the public. This court, in an opinion by Sweet, P. J., refused the motion for protective order and directed that discovery should proceed. However, subsequent to the decision in that case, our legislature passed the

Peer Review Protection Act of July 20, 1974, P. L. 564 (No. 193), 63 P. S. § 425.1 et seq. Section 4 of the Act provides as follows:

"The proceedings and records of a review committee shall be held in confidence and shall not be subject to discovery or introduction into evidence in any civil action against a health care professional arising out of the matters which are the subject of evaluation and review by such committee and no person who was in attendance at a meeting of such committee shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such committee or as to any findings, recommendations, evaluations, opinions or other actions of such committee or any members thereof: Provided, however, that information, documents or records otherwise available from original sources are not to be construed as immune from discovery or used in any such civil action merely because they were presented during proceedings of such committee, nor should any person who testifies before such committee or who is a member of such committee be prevented from testifying as to matters within his knowledge, but the said witness cannot be asked about his testimony before such a committee or opinions formed by him as result of said committee hearings."

We are inclined to follow the decision of Judge Sweet in Petrusky as limited by the aforesaid legislation and, therefore, make the following

### ORDER

Defendant-hospital shall furnish to plaintiffs:
1. All applications made by defendant, Joseph

A. Klimoski, for appointment to the professional staff of defendant-hospital, whether for initial appointment or renewal, or change of appointment or privileges up to and including the year 1969.

2. Any recommendations made in writing by the professional staff of defendant-hospital or any members of its staff, to the board of trustees of defendant-hospital, relating to such applications by Joseph A. Klimoski.

3. Any records, memoranda or minutes of the board of trustees of defendant-hospital relating to their consideration of the applications and recommendations hereinabove referred to, for a period of five years prior to December 31, 1969.

4. Any written charges filed with the medical staff of defendant-hospital by the board of trustees of defendant-hospital relating to the professional conduct of defendant, Joseph A. Klimoski, for a period of five years prior to December 31, 1969.

5. Minutes of the meetings of the surgical or medical staff of defendant-hospital to the extent that such minutes refer to the professional conduct of defendant, Joseph A. Klimoski, for a period of five years prior to December 31, 1969.

The request for the minutes, memoranda or reports of the Hospitalization Utilization Committee as contained in paragraph 6 of the motion to produce is refused, as is the request contained in paragraph 7 for the Utilization Review Committee evaluation forms, since the discovery of such information is specifically prohibited by the Peer Review Protection Act aforesaid. However, to the extent that the information, documents or records sought by plaintiffs are otherwise available from original sources, they shall not be immune from discovery.

The request for the discharge summary and operative reports of all other patients of Dr. Klimoski, and the Kardex cards containing information with respect to other patients of Dr. Klimoski (as contained in paragraphs 8 and 9 of the motion to produce) are refused, since they are confidential and privileged matters relating to persons other than plaintiffs.

The request for the death register (contained in paragraph 10 of the motion) for the period from January 1964 to December 31, 1969, is granted.